# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSEPH BELLAND,

    Plaintiff,

v.                                    Case No. 2:21-CV-01028

SRS DISTRIBUTION INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant SRS Distribution Inc. ("SRS") by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Third Judicial District, Dona Ana County, New Mexico, Case No. D-307-CV-2021-02026, to the United States District Court for the District of New Mexico. In addition to removing this matter, SRS specifically reserves its right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this removal, SRS states as follows:

**A.**     **Procedural Background**

    1.     Plaintiff Joseph Belland ("Plaintiff") filed a civil complaint ("Complaint") against SRS in the Third Judicial District, Dona Ana County, New Mexico, Case No. D-307-CV-2021-02026, on or about September 15, 2021 (the "State Court Action"). SRS was served with the Summons and Complaint in the State Court Action on September 24, 2021. *See* Exhibit A, Summons Return, p. 3.

2.  A copy of the entire case file in the State Court Action is attached as Exhibit A. The Complaint asserts causes of action for age discrimination in violation of the New Mexico Human Rights Act.  (Exhibit A, Complaint, ¶¶ 12-14.)

**B.  Grounds for Removal.**

1.  This Court has original jurisdiction over this matter by virtue of 28 U.S.C. § 1332 and may be removed by SRS under the provisions of 28 U.S.C. § 1441(b) because it is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.

2.  Plaintiff is a citizen of the State of New Mexico.  (Exhibit A, Complaint, ¶ 1.)

3.  For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

4.  SRS is incorporated under the laws of the State of Delaware and maintains its headquarters and principal place of business in the State of Texas, making SRS a citizen of both Delaware and Texas within the meaning of Section 1332.  (Exhibit B, Declaration of Candice Story, ¶1.)

5.  Accordingly, the parties are citizens of different states.

6.  Because Plaintiff and SRS are citizens of different states, this is a civil action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332. As such, removal is proper because the Court has diversity jurisdiction.

7.  In addition, pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over Plaintiff's claims because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8. To determine the amount in controversy, federal courts first look to the allegations in the complaint. *See e.g., Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1328 (D. N.M. 2020).

9. Plaintiff alleges in his Complaint that he seeks the following damages: "Back pay and benefits," "compensatory damages," "punitive damages," and "attorney's fees." (Exhibit A, Complaint, ¶15.)

10. Plaintiff also alleges that he was unlawfully terminated from the position of Corporate Fleet Manager on or around May 11, 2020. (Exhibit A, Complaint ¶ 9.) Plaintiff was earning $118,000 annually at the time of his termination. (Exhibit B, ¶ 5.)

11. Plaintiff's termination date was over one year ago; therefore his claimed "back pay and benefits" damages alone exceed $118,000, without even taking into account his claims for "compensatory damages," "punitive damages," and "attorney's fees."

12. The amount in controversy, thus, exceeds the $75,000 threshold, and the matter is removable pursuant to 28 U.S.C. § 1332.

**C.   This Removal Is Timely Filed.**

1. SRS was served with the summons and Complaint on September 27, 2021. (Exhibit A, Summons Return.)

2. SRS is filing this Notice of Removal within thirty days of receipt of Plaintiff's Complaint. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b)(1).

**D.   This Court Is a Proper Venue for Plaintiff's Claims against SRS.**

1. Pursuant to 28 U.S.C. § 1441(a), any civil action commenced in a state court asserting a claim over which the District Courts of the United States have original jurisdiction may

be removed to the United States District Court embracing the state court where the action is pending.

    2.    This District Court's geographical jurisdiction encompasses Dona Ana County, New Mexico.

    3.    Therefore, this Court is a proper venue for this lawsuit.

**E.    Jurisdictional Prerequisites to Removal Have Been Met.**

    1.    SRS has heretofore sought no similar relief.

    2.    Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon" SRS are attached to this notice as Exhibit A.  There have been no other process, pleadings, or orders served on SRS to date in this case.

    3.    Pursuant to 28 U.S.C. § 1446(d), SRS is giving written notice of this removal to Plaintiff and will also promptly file a copy of the notice with the clerk of the District Court for Dona Ana County.

    4.    For the foregoing reasons, the State Court Action may be properly removed to this Court.  *See* 28 U.S.C. §§ 1441 and 1446.

    5.    In filing this Notice of Removal, SRS reserves any defenses available to it in this action.

WHEREFORE, Defendant SRS Distribution Inc. hereby removes this action from the Third Judicial District Court, Dona Ana County, New Mexico to the United States District Court for the District of New Mexico.

Respectfully submitted this 22nd day of October, 2021.

                                                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Michael H. Bell*
Michael H. Bell
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO  80222
Telephone:  303.764.6800
Facsimile:  303.831.9246
mike.bell@ogletree.com

*Attorneys for Defendant SRS Distribution Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was sent via e-mail and U.S. Mail to counsel for Plaintiff:

John A. Wenke
501 E. California Ave.
El Paso, Texas 79902
Telephone: (915) 351-8877
Facsimile:  (915) 351-9955
lawoffice@johnwenke.com

*Attorney for Plaintiff*

> *s/ Alison L. Shaw*
> Alison L. Shaw, Paralegal